UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARCUS G. SUTTON

    Petitioner,

v.                                             Case No. 6:07-cv-705-GAP-GJK

SECRETARY, Department of Corrections,
et al.,

    Respondents.
_____/

## **O R D E R**

This cause is before the court upon Respondents' motion to dismiss (Dkt. 16). Petitioner Marcus G. Sutton ("Sutton") signed his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 21, 2007. Sutton's sentence expired on September 12, 2007, and he was released from the custody of the Florida Department of Corrections. Respondents argue that Sutton's release from confinement renders his Section 2254 petition moot because Sutton does not directly challenge his conviction and fails to establish that some collateral consequence of his criminal conviction for grand theft exists. Upon review, Respondent's motion must be DENIED.

A habeas petitioner who has been released from custody subsequent to his filing a 2254 petition must establish that his petition still presents a case or controversy under Article III, Section 2, of the United States Constitution and therefore is not moot. *Mattern v. Sec'y, Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "In other words, once a habeas petitioner has been released from imprisonment, the petition must establish that 'some collateral consequence of the

conviction' exists." *Mattern v. Sec'y, Dep't of Corr.*, 494 F.3d at 1285. If a petitioner can establish that the challenged conviction will cause him to suffer some future collateral consequence, his habeas petition is not moot. *See Lane v. Williams*, 455 U.S. 624, 632 (1982); *Carafas v. Lavalle*, 391 U.S. 234 (1968). A petitioner who challenges the validity of his underlying criminal conviction can often satisfy the case-or-controversy requirement of Article III by showing, *inter alia*, that the conviction affects his ability to vote, engage in certain businesses, serve as a juror, or hold public office. *Carafas v. Lavalle*, 391 U.S. at 237. In *Carafas*, the Court explained:

> It is clear that petitioner's cause is not moot. In consequence of his conviction, he cannot engage in certain businesses; . . . he cannot serve as an officer of a labor union for a specified period of time; . . he cannot vote in any [state] election; . . . [and] he cannot serve as a juror . . . . Of these "disabilities or burdens (which) may flow from" petitioner's conviction, he has "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him." On account of these collateral consequences, . . the case is not moot.

*Carafas v. Lavalle*, 391 U.S. at 237-38 (footnotes and citations omitted). *See also Maleng v. Cook*, 490 U.S. 488, 491-92 (1989) (*per curiam*) (a habeas petitioner's unconditional discharge from custody while the case is pending does not preclude a court from considering the constitutionality of his conviction because the collateral consequences of his conviction prevent the case from being moot).

The Supreme Court has held that collateral consequences are presumed when a petitioner challenges his underlying criminal conviction. *Sibron v. New York*, 392 U.S. 40, 55 (1968). "[A] criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Sibron v. New York*, 392 U.S. at 57. *Sibron's* rule places the burden on the government to

2

prove the absence of adverse collateral consequences when a petitioner challenges the underlying criminal conviction.  *See, e.g., Gentry v. Deuth*, 456 F.3d 687, 694 (6th Cir. 2006) ("With respect to injury, an essential element of a live controversy, the law does not require a habeas petitioner to prove by a preponderance of the evidence that she may face collateral consequences of her unconstitutional felony conviction, for the disabilities consequent to a felony conviction are legion, and patently obvious in many cases."); *United States v. Lopez-Ochoa*, 2003 WL 21938966 at * 3 (D. Kan. 2003) (government bears the burden of proving the absence of collateral consequences when a petitioner challenges his underlying criminal conviction).

>In his federal habeas petition, Sutton seeks as relief the following:
>
>Find that an evidentiary hearing is necessary to resolve the issues in grounds one through six.  Find as a matter of law that trial counsel was ineffective and is entitled to a new trial.  Find as a matter of law that the petitioner is entitled to a belated appeal where appellate counsel failed to raise [a] meritorious issue that would have supported a reversal of the instant case on direct appeal.  Vacate the previously imposed judgment and sentence.  Any and all further relief that this Court deems fair and just.

(Dkt. 1, p. 35).  Respondents appear to interpret Sutton's petition as not challenging his underlying criminal conviction and argue that "[i]f Sutton were to receive any relief, it would not be the vacation of his conviction and sentence."  This is an erroneous premise.  If Sutton were to prevail on any of the claims on ineffective assistance of counsel presented in his federal habeas petition, he could potentially have the grand theft conviction he challenges overturned.  Consequently, Respondents' argument that "any collateral consequences [Sutton] may face would be based on his prior record as a whole which includes many more convictions that the grand theft in this case" is misplaced and insufficient to show that Sutton's federal habeas petition is moot.  *See Sibron v. New York*,

392 U.S. at 56 ("We see no relevance in the fact that [petitioner] is a multiple offender . . . . We cannot foretell what opportunities might present themselves in the future for the removal of other convictions from an individual's record.").

Accordingly, Respondents' motion to dismiss (Dkt. 16) is **DENIED**.

ORDERED in Orlando, Florida, on February 12, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE